## Tabor Street (No. 2).

*Road law—Dedication—Release of damages—Change of grade.*

Where an owner of lots executes an absolute deed of dedication to the public of a street on which the lots abut, and indemnifies the city against all damages caused by the grading of the street, and the deed of dedication is accepted by the city and duly recorded, the owner is bound by his deed and release as to a lot which he had sold prior to the execution of the deed and release, but which he had bought back after his deed of dedication and release had been accepted and recorded.

Statement of Facts—Opinion of the Court. [26 Pa. Superior Ct.

Argued Dec. 16, 1903. Appeal, No. 235, Oct. T., 1903, by A. Howard Ritter, from order of C. P. No. 1, Phila. Co., Sept. T., 1901, No. 4165, sustaining exceptions to report of jury of view in the matter of the Change of Grade of Tabor Street from Fifth Street to Sixth Street. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDER-SON, JJ. Affirmed.

Exceptions to report of jury of view.

In addition to the facts stated in Tabor Street (No. 1), ante, p. 167, and the opinion of the Superior Court, it appeared that on November 6, 1896, Henry Schmitt purchased the lot in question from A. Howard Ritter, and that Ritter bought it back from Schmitt by deed dated April 18, 1899. The jury awarded to Ritter the sum of $984.31.

Exceptions to the report of the jury were sustained by the court.

*Errors assigned* were in sustaining exceptions to report of the jury of view.

*James S. Williams*, with him *Frank B. Ellis*, for appellant.

*John H. Maurer*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.

OPINION BY ORLADY, J., October 17, 1904:

This case was argued with the appeal by the city of Philadelphia from the decree of the court below in confirming the report of the jury of view under Act of June 16, 1891, P. L. 75, for injuries resulting from change of grade of Tabor street in which case an opinion is filed this day. For the reasons therein given this appellant is not entitled to recover. He is bound by his contract with the city and the fact that he purchased another lot after the city accepted his deed and release does not change the character of his claim. By his agreement of July 18, 1898, he covenanted to pay the damages that might be awarded by reason of "the said striking of the said Clarkson avenue from the city plan and for the revision of the grades in pursuance of said ordinance" and expressly waived "all claims for damages

to or by reason of any physical grading of said street" in conformity " with the grade now established " by his deed to the city.  The grades were established July 25, 1898.  His deed and release was accepted August 1, 1898.  The grade remained unchanged and his present claim for damages is inconsistent and clashes with his covenant to waive all claims for damages by reason of the physical grading of the street in conformity with the plan and grades established when he made his covenant.

The decree is affirmed.